IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARLIN WEYANT

                    Plaintiff,

    vs.

BLATT, HASENMILLER, LEIBSKER &
MOORE, LLC, and JOHN DOES 1-10, and
X,Y,Z CORPORATIONS,

                    Defendants.

CIVIL ACTION NO. _____

## NOTICE OF REMOVAL OF CIVIL ACTION

Defendant Blatt, Hasenmiller, Leibsker & Moore ("BHLM"), by its undersigned attorneys, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, for its Notice of Removal of Civil Action, states as follows:

1.      Pursuant to 28 U.S.C. § 1446(b), "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b).

2.      Here, Plaintiff Marlin Weyant ("Plaintiff") filed a Complaint in the Court of Common Pleas, Montgomery County, Pennsylvania entitled *Marlin Weyant v. Blatt, Hasenmiller, Leibsker & Moore, LLC, and John Does 1-10 and X,Y,Z Corporations*, on August 22, 2012, Case No. 2012-20371 (the "State Court Action"). A copy of the Complaint is attached hereto as Exhibit A.

3.      BHLM received a copy of the Complaint via certified mail on September 27, 2012. BHLM files this Notice of Removal within thirty days of receiving a copy of the Complaint.

4.    28 U.S.C. § 1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

5.    The Complaint alleges that BHLM violated the Fair Debt Collection Practices Act ("FDCPA") and the Telephone Consumer Protection Act ("TCPA"). *See* Complaint at ¶ 1. The FDCPA was created by, and arises under, federal law.  Accordingly, this District Court has jurisdiction over Plaintiff's FDCPA claim.  Further, as recognized by the United States Supreme Court, the District Court has jurisdiction over Plaintiff's TCPA claim. *See Mims v. Arrow Fin. Servs. LLC*, 132 S.Ct. 74 (2012) ("Nothing in the text, structure, purpose, or legislative history of the TCPA calls for displacement of the federal question jurisdiction U.S. district courts ordinarily have under 28 U.S.C. 1331.").

6.    Further, 28 U.S.C. § 1367 provides, in part, that "the district courts shall have supplemental jurisdiction over all other claims that are so related to such claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).    To the extent that Plaintiff is alleging any other claims, those claims are so related to the FDCPA and TCPA claims that they form part of the same case and, accordingly, this Court has supplemental jurisdiction over those other claims.

7.    Removal of this case is proper under 28 U.S.C. § 1441(a), which provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

8.      This Court is the proper district court for removal because the Pennsylvania Court of Common Pleas, Montgomery County, is located within the United States District Court for the Eastern District of Pennsylvania.

9.      Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders received by BHLM are attached hereto as Exhibit A.

10.     Removal is timely under 28 U.S.C. § 1446(b) because this Notice of Removal is being filed within thirty days from the date the complaint was received by BHLM.

11.     This case is not precluded from being removed under 28 U.S.C. § 1445 because: (a) it is not brought against a railroad or its receivers or trustees, arising under 45 U.S.C. 51–54, 55–60; (b) it is not brought against a carrier or its receivers or trustees to recover damages for delay, loss or injury of shipments arising under section 11706 or 14706 of title 49; (c) it does not arise under the workmen's compensation laws; and (d) it does not arise under Section 40302 of the Violence Against Women Act of 1994.

12.     In accordance with 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be promptly filed with the Court of Common Pleas, Montgomery County, and served upon Plaintiff's counsel.  A copy of the notice to be filed with the Court of Common Pleas, Montgomery County, is attached hereto as Exhibit B.

WHEREFORE, Defendant BHLM respectfully requests that the above-captioned action now pending in the Court of Common Pleas, Montgomery County, Pennsylvania be removed to the United States District Court for the Eastern District of Pennsylvania and that this District Court enter such other and further orders as may be necessary to accomplish the requested removal.

Dated:  October 25, 2012                    Respectfully submitted,


Kevin S. Batik
Pa. Id. No. 89209
McGuireWoods LLP
625 Liberty Avenue, 23rd Floor
Pittsburgh, PA 15222-3142
(412) 667-6000
(412) 667-7958 (fax)
kbatik@mcguirewoods.com

Attorneys for Defendant Blatt, Hasenmiller,
Leibsker & Moore, LLC

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served upon the following counsel of record via U.S. First Class mail, postage prepaid, this 25th day of October, 2012:

Vicki Piontek
Piontek Law Office
951 Allentown Road
Lansdale, PA 19446

42958316_1

EXHIBIT A

2 747342

# IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

MARLIN WEYANT

vs.

BLATT HASENMILLER LEIBSKER MOORE

NO. 2012-20371

## NOTICE TO DEFEND - CIVIL

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LAWYER REFERENCE SERVICE
MONTGOMERY BAR ASSOCATION
100 West Airy Street (REAR)
NORRISTOWN, PA 19404-0268

(610) 279-9660, EXTENSION 201

PRIF0034
R 10/11

Case# 2012-20371-2 Received at Montgomery County Prothonotary on 08/22/2012 11:22 AM, Fee = $0.00

2747392

IN THE COURT OF COMMON PLEAS
OF MONTGOMERY COUNTY, PENNSYLVANIA
CIVIL ACTION-LAW

Marlin Weyant                          :
c/o Piontek Law Office                 :
951 Allentown Road                     :
Lansdale, PA 19446                     :
          Plaintiff   :          2012-20371
                       :
Vs.                                    :
Blatt, Hasenmiller, Leibsker & Moore LLC :
125 South Wacker Drive, Suite 400      :
Chicago. Illinois 60606                :
and                                    :
JOHN DOES 1-10                         :
and                                    :
X,Y,Z CORPORATIONS                     :          Jury Trial Demanded
          Defendants   :

**NOTICE**

YOU HAVE BEEN SUED IN COURT. IF YOU WISH TO DEFEND AGAINST THE CLAIMS SET
FORTH IN THE FOLLOWING PAGES, YOU MUST TAKE ACTION WITHIN TWENTY (20) DAYS AFTER
THE COMPLAINT AND NOTICE ARE SERVED BY ENTERING A WRITTEN APPEARANCE
PERSONALLY OR BY ATTORNEY AND FILING IN WRITING WITH THE COURT YOUR DEFENSES OR
OBJECTIONS TO THE CLAIMS SET FORTH AGAINST YOU. YOU ARE WARNED THAT IF YOU FAIL TO
DO SO THE CASE MAY PROCEED WITHOUT YOU AND A JUDGMENT MAY BE ENTERED AGAINST
YOU BY THE COURT WITHOUT FURTHER NOTICE FOR ANY MONEY CLAIMED OR FOR ANY OTHER
CLAIM OR RELIEF REQUESTED BY THE DEFENDANT. YOU MAY LOSE MONEY OR PROPERTY OR
OTHER RIGHTS IMPORTANT TO YOU.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A
LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO
FIND OUT WHERE YOU CAN GET LEGAL HELP.

LAWYER REFERENCE SERVICE
MONTGOMERY COUNTY BAR ASSOCATION
100 West Airy Street (REAR), NORRISTOWN, PA 19401
(610) 279-9660, EXTENSION 201

Montgomery County Legal Aid Services
625 Swede Street, Norristown, PA 19401
610-275-5400

Case# 2012-20371-2 Received at Montgomery County Prothonotary on 08/22/2012 11:22 AM, Fee = $0.00

IN THE COURT OF COMMON PLEAS
OF MONTGOMERY COUNTY, PENNSYLVANIA
CIVIL ACTION-LAW

| | | |
|---|---|---|
| Marlin Weyant | : | |
| c/o Piontek Law Office | : | |
| 951 Allentown Road | : | |
| Lansdale, PA  19446 | : | |
| Plaintiff | : | 2012-20371 |
| | : | |
| Vs. | : | |
| Blatt, Hasenmiller, Leibsker & Moore LLC | : | |
| 125 South Wacker Drive, Suite 400 | : | |
| Chicago, Illinois 60606 | : | |
| and | : | |
| JOHN DOES 1-10 | : | |
| and | : | |
| X,Y,Z CORPORATIONS | : | Jury Trial Demanded |
| Defendants | : | |

## **COMPLAINT**

### INTRODUCTION

1. This is a lawsuit for damages brought by an individual consumer for Defendant(s)'
   alleged violations of the Telephone Consumer Protection Act, 47 USC § 227 et. seq.
   (hereinafter "TCPA"), as well as for Defendant(s) alleged violations of the Fair Debt
   Collection Practices Act, 15 U.S.C. 1692, et seq. (hereinafter "FDCPA").

Case# 2012-20371-2 Received at Montgomery County Prothonotary on 08/22/2012 11:22 AM, Fee = $0.00

Case# 2012-20371-2 Received at Montgomery County Prothonotary on 08/22/2012 11:22 AM, Fee = $0.00

## JURISDICTION AND VENUE

2.  All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint

3.  Venue is proper in this jurisdiction because Defendant(s) regularly transact(s) business throughout this jurisdiction.

4.  Defendant obtains the benefit(s) of regularly transacting business in this jurisdiction.

5.  Key witnesses are located in this jurisdiction.

6.  Similarly affected consumers are located in this jurisdiction.

Case# 2012-20371-2 Received at Montgomery County Prothonotary on 08/22/2012 11:22 AM, Fee = $0.00

## PARTIES

7. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

8. Plaintiff is Marlin Weyant, an adult individual and resident of Pennsylvania, with a current mailing address of c/o Piontek Law Office, 951 Allentown Road, Lansdale, PA 19446.

9. Defendant is Blatt, Hasenmiller, Leibsker & Moore LLC, a law firm, engaged in consumer debt collection with a principle place of business located at 125 South Wacker Drive, Suite 400, Chicago. Illinois 60606.

10. Defendants may include John Does 1-10, persons whose names and identities are not known to Plaintiff at this time, or whose liability is not know, but which may become known to Plaintiff following discovery. It is believed and averred that such Does played a substantial role in the commission of the acts described in this Complaint.

11.     Defendants may include X,Y,Z Corporations, business entities whose names and identities are not known to Plaintiff at this time, or whose liability is not know, but which may become known to Plaintiff following discovery. It is believed and averred that such entities played a substantial role in the commission of the acts described in this Complaint.

## COUNT ONE:  VIOLATION OF THE TELEPHONE

## CONSUMER PROTECTION ACT (TCPA) 47 USC § 227 ET. SEQ.

12. The previous paragraphs are incorporated by reference and made a part of this complaint.

13. In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA), in response to a growing number of consumer complaints regarding certain telemarketing practices.

14. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers." Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

15. 47 U.S.C. § 227(b) states in pertinent part:

> (b) Restrictions on use of automated telephone equipment
> **(1) Prohibitions**
> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States-
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
> \*\*\*
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;
>
> (3) **Private right of action**

Case# 2012-20371-2 Received at Montgomery County Prothonotary on 08/22/2012 11:22 AM, Fee = $0.00

Case# 2012-20371-2 Received at Montgomery County Prothonotary on 08/22/2012 11:22 AM, Fee = $0.00

A person or entity may, if otherwise permitted by the laws or
rules of court of a State, bring in an appropriate court of that
State---
(A) an action based on a violation of this subsection or the
regulations prescribed under this subsection to enjoin such
violation,
(B) an action to recover for actual monetary loss from such a
violation, or to receive $500 in damages for each such
violation, whichever is greater, or
(C) both such actions.
If the court finds that the defendant willfully or knowingly
violated this subsection or the regulations prescribed under
this subsection, the court may, in its discretion, increase the
amount of the award to an amount equal to not more than 3
times the amount available under subparagraph
(B) of this paragraph.

16. On January 4, 2008, the FCC released a Declaratory Ruling confirming that autodialed and

prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are

permitted only if the calls are made with the "prior express consent" of the called party. *In

the Matter of Rules and Regulations Implementing the Telephone Consumer Protection

Act of 1991 ("FCC Declaratory Ruling"),* 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43

Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).

17. The FCC "emphasize[d] that prior express consent is deemed to be granted only if the

wireless number was provided by the consumer to the creditor, and that such number was

provided during the transaction that resulted in the debt owed." *FCC Declaratory Ruling,* 23

F.C.C.R. at 564-65 (10).

2747392

Case# 2012-20371-2 Received at Montgomery County Prothonotary on 08/22/2012 11:22 AM, Fee = $0.00

18. According to findings by the Federal Communication Commission ("FCC"), the agency
Congress vested with authority to issue regulations implementing the TCP A, such calls are
prohibited because, as Congress found, automated or prerecorded telephone calls are a
greater nuisance and invasion of privacy than live solicitation calls, and such calls can be
costly and inconvenient. The FCC also recognized that wireless customers are charged for
incoming calls whether they pay in advance or after the minutes are used. *Rules and
Regulations Implementing the Telephone Consumer Protection Act of* 1991, CG Docket
No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

19. Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is
on Defendants to demonstrate that Plaintiff provided express consent within the meaning of
the statute. *See FCC Declaratory Ruling, 23* F.C.C.R. at 565 (10).

20. At all times relevant, Plaintiff was a "person" as defined by 47 U.S.C. § 153(10).

21. Prior to the events lead to the filing of this civil action, Plaintiff engaged in a consumer
credit transaction which was the subject of Defendant's collection activity.

22. Plaintiff's account went into collections, and the account was referred to Defendant(s) for
the purpose of collection.

23. At no time did Plaintiff provide Defendant(s) with Plaintiff's cell phone number.

Case# 2012-20371-2 Received at Montgomery County Prothonotary on 08/22/2012 11:22 AM, Fee = $0.00

24. At no time did Plaintiff provide the original alleged creditor for the account that was the subject of Defendant's collection activity with Plaintiff's cell phone number.

25. Defendant contacted Plaintiff on Plaintiff's cellular telephone. Plaintiff received one or more calls from Defendant on Plaintiff's cellular phone.

26. It is believed and averred that Defendant(s) used some method or mechanism to look up Plaintiff's cell phone number in order to facilitate the calls.

27. It is believed and averred that one or more of the telephone calls by Defendant to Plaintiff on Plaintiff's cellular telephone occurred via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and all calls that are the subject of this Complaint occurred within four years of the filing of this Complaint.

28. Because these calls were prerecorded, Plaintiff had no ability to request that the calls end or to voice Plaintiff's complaints to a real person.

29. It is believed and averred that one or more of the telephone calls placed by Defendant to Plaintiff's cellular telephone were made using an "automatic telephone dialing system," as defined by 47 U.S.C. § 227 et. seq.

30. Such automated calls were made by Defendant(s) to Plaintiff's cellular telephone service as defined in 47 U.S.C. § 227(b)(1)(A)(iii).

31. The complained of telephone calls did not constitute calls not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

32. During the transaction that resulted in the alleged debt owed, Plaintiff did not provide a wireless or cellular number to Defendant, nor otherwise provide express consent to receive automated calls by Defendant on Plaintiff's cellular telephone.

33. Plaintiff did not provide "express consent" allowing Defendant, or the original creditor to place telephone calls to Plaintiff's cellular phone utilizing an "automatic telephone dialing system," within the meaning of 47 U.S.C. § 227(b)(1)(A).

34. Plaintiff did not list a cellular phone number in or on any documents at any time during the transaction that resulted in the Purported Debt.

35. Plaintiff did not verbally provide Defendant(s), or any other party, with a cellular phone number at any time during the transaction that resulted in the Purported Debt, or thereafter.

36. Defendant's telephone calls to Plaintiff's cellular phone utilizing an "automatic telephone dialing system" for non-emergency purposes and in the absence of Plaintiff's prior express consent violated 47 U.S.C. § 227(b)(1)(A).

Case# 2012-20371-2 Received at Montgomery County Prothonotary on 08/22/2012 11:22 AM, Fee = $0.00

37. Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiff provided express consent within the meaning of the statute.

38. Plaintiff believes and avers that Plaintiff received no less than 20 automated calls on Plaintiff's cell phone from Defendant(s), and probably more that came in, but Plaintiff was not able to document.

39. Plaintiff received automated calls from Defendant(s) on his cell phone within a short time after having changed his cell phone number to avoid Defendant(s) automated calls on his cell phone.

Case# 2012-20371-2 Received at Montgomery County Prothonotary on 08/22/2012 11:22 AM, Fee = $0.00

Case# 2012-20371-2 Received at Montgomery County Prothonotary on 08/22/2012 11:22 AM, Fee = $0.00

**COUNT TWO:  VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT,**

**15 USC 1692 f, et. seq.**

40. All previous paragraphs of this complaint are incorporated by reference and made a part of this portion of the complaint.

41. Plaintiff is a consumer debtor as defined by the Fair Debt Collections Practices Act (FDCPA), 15 USC 1692 et. Seq.

42. Defendant is a debt collector as defined by the FDCPA, 15 USC 1692 et. seq.

43. At all times mentioned herein, Defendant(s) was attempting to collect on an alleged consumer debt against Plaintiff.

44. 15 USC 1692 f of the FDCPA prohibits a debt collector from engaging in any unlawful, illegal or unconscionable collection activity while Defendant(s) was attempting to collect a consumer debt from Plaintiff.

45. By violating TCPA, Defendant(s) also violated 15 USC 1692 f, et, seq., by engaging in unlawful, illegal and unconscionable collection activity.

Case# 2012-20371-2 Received at Montgomery County Prothonotary on 08/22/2012 11:22 AM, Fee = $0.00

## LIABILITY

46. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

47. Defendant(s) is liable to Plaintiff(s) for the acts committed by its agents under the doctrine of respondeat superior because Defendant's agents were acting within the scope of their employment with Defendant.

48. In the alternative, Defendant is liable to Plaintiff(s) under the doctrine of negligent supervision.

49. In the alternative, Defendant is liable to Plaintiff(s) under the doctrine of the non-deligible duty.

50. In the alternative, Defendant(s) is liable for the conduct of its agents / employees under the theory of joint and several liability because Defendant and its agents / employees were engaged in a joint venture and were acting jointly and in concert.

51. Any mistake made by Defendant would have included a mistake of law.

52. Any mistake made by Defendant would not have been a reasonable bona fide mistake.

**DAMAGES**

53. All previous paragraphs of this complaint are incorporated by reference and made a part of this portion of the complaint.

54. At least $1.00 actual damages, including but not limited to phone, fax, stationary, postage, etc.

55. Plaintiff believes and avers that Plaintiff is entitled to $1,000.00 statutory under the FDCPA 15 USC 1692k, and under TCPA.

56. Plaintiff believes and avers that Plaintiff is entitled to at least $500.00 per call that Plaintiff received from Defendant(s) in violation of TCPA.

57. Plaintiff believes and avers that there was at least 20 separate automated telephone calls from Defendant(s) to Plaintiff's cell phone, thereby warranting $10,000.00 in statutory damages.

58. Plaintiff suffered emotional distress as a result of Defendant(s) money-making, law-breaking behavior, with a Dollar value to be proven at trial.

59. For purposes of a default judgment, Plaintiff believes and avers that the value of such distress is no less than $5,000.00.

Case# 2012-20371-2 Received at Montgomery County Prothonotary on 08/22/2012 11:22 AM, Fee = $0.00

2747392

Case# 2012-20371-2 Received at Montgomery County Prothonotary on 08/22/2012 11:22 AM, Fee = $0.00

## ATTORNEY FEES

60. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

61. Plaintiff is entitled to reasonable attorney fees in this matter at a rate of no less than $350 per hour, or other rate that this Honorable Court deems just and fare, pursuant the fee shifting provision of TCPA and FDCPA.

62. Plaintiff's attorney fees of $1,400.00 at a rate of $350.00 per hour, are enumerated below.

| | | |
|---|---|---|
| a. | Consultation with client on multiple occasions including but not limited to 7/23/12 and 8/5/12 | 1 |
| b. | Drafting, editing and review and service of complaint and related documents | 1 |
| c. | Follow up With Defense | 2 |

$$4 \times \$350 = \$1,400.00$$

63. Plaintiff's attorney fees continue to accrue as the case move forward.

64. The above stated attorney fees include prosecution of this complaint to the date of the instant filing and reasonable follow up.

## OTHER RELIEF

65. All previous paragraphs of this complaint are incorporated by reference and made a part of this portion of the complaint.

66. Plaintiff seeks injunctive relief barring further unlawful collection activity.

67. Plaintiff seeks such other relief as this Honorable Court may deem just and proper.

68. Plaintiff requests a jury trial in this matter.

Case# 2012-20371-2 Received at Montgomery County Prothonotary on 08/22/2012 11:22 AM, Fee = $0.00

Case# 2012-20371-2 Received at Montgomery County Prothonotary on 08/22/2012 11:22 AM, Fee = $0.00

Wherefore, Plaintiff demands judgment against Defendant(s) in the amount of no less than $17,401.00.

$1.00 actual damages more or less for postage, stationary , fax, etc.

$1,000.00 statutory damages under the FDCPA

$10,000 statutory damages under TCPA, or such other amount to be determined by the Court after discovery.

$5,000 emotional distress

$1,400.00 attorney fees

_____

$17,401

Plaintiff seeks leave to amend the amount of statutory damages for the TCPA claims following discovery. Plaintiff seeks such other relief as the Court deems just and fair.

/s/ Vicki Piontek                              8/21/2012

_____           _____
Vicki Piontek, Esquire                      Date
Supreme Court ID Number 83559
Attorney for Plaintiff
951 Allentown Road
Lansdale, PA  19446
877-737-8617
Fax: 866-408-6735
palaw@justice.com

IN THE COURT OF COMMON PLEAS
OF MONTGOMERY COUNTY, PENNSYLVANIA
CIVIL ACTION-LAW

Marlin Weyant
c/o Piomek Law Office
951 Allentown Road
Lansdale, PA  19446

              Plaintiff      :        2012-20371

Vs.
Blatt  Hasenmiller, Leibsker & Moore LLC
125 South Wacker Drive, Suite 400
Chicago, Illinois 60606
and
JOHN DOES 1-10
and
X.Y.Z CORPORATIONS
              Defendants    :      Jury Trial Demanded

**VERIFICATION**

I, Marlin Weyant, have read the attached complaint.  The facts stated in the complaint are true and accurate to the best of my knowledge, understanding and belief.

_____    8-13-12
Marlin Weyant               Date

Case# 2012-20371-2 Received at Montgomery County Prothonotary on 08/22/2012 11:22 AM, Fee = $0.00

EXHIBIT B

IN THE COURT OF COMMON PLEAS
OF MONTGOMERY COUNTY, PENNSYLVANIA

MARLIN WEYANT,

                Plaintiff,

      vs.

BLATT, HASENMILLER, LEIBSKER &
MOORE, LLC, and JOHN DOES 1-10, and
X,Y,Z CORPORATIONS,

             Defendants.

CIVIL ACTION

Case No. 2012-20371

## NOTICE OF FILING OF THE NOTICE OF REMOVAL

Please take notice that Defendant Blatt, Hasenmiller, Leibsker & Moore ("BHLM") has, on October 25, 2012, through its attorneys, filed a Notice of Removal with the Clerk of the United States District Court for the Eastern District of Pennsylvania to remove the above-reference cause, Case No. 2012-20371, from the Court of Common Pleas of Montgomery County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania.

A copy of the Notice of Removal is attached hereto as Exhibit 1. This Court shall proceed no further unless and until this cause is remanded.

Dated:  October 25, 2012

                           Respectfully submitted,

                           Laura A. Lange
                           Pa. I.D. No. 310733
                           McGuireWoods LLP
                           625 Liberty Avenue, 23rd Floor
                           Pittsburgh, PA 15222-3142
                           (412) 667-6000
                           (412) 667-7958 (fax)
                           llange@mcguirewoods.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document

has been served upon the following counsel of record via U.S. First Class mail, postage prepaid,

this 25th day of October, 2012:

        Vicki Piontek
        Piontek Law Office
        951 Allentown Road
        Lansdale, PA 19446

42963064_1